IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAURIE HOMES, INC. an Illinois )
corporation, )
 )
    Plaintiff, )
 )
v. )    Case No. 19-cv-75-RJD
 )
CITY OF COLUMBIA, an Illinois municipal )
Corporation, )
 )
    Defendant. )

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Motion to Dismiss (Doc. 30) filed by Defendants.[1] Plaintiff filed a response (Doc. 37).

### Background

The Court accepts as true the following allegations from Plaintiff's Second Amended Complaint and attached exhibits. All possible inferences are drawn in Plaintiff's favor.

On or about May 11, 2018, a building permit was issued by Defendant, City of Columbia, to Plaintiff, Laurie Homes, Inc., to construct a home at 2359 Lakeshore Dr., Columbia, IL 62236. Pursuant to the building permit, Defendant approved the site plan submitted by Plaintiff. In reliance on the building permit and approval of the site plan, Plaintiff began construction pursuant to the building permit and in compliance with the approved site plan.

Subsequent to issuing the building permit, Defendant requested a soil compaction test and

---

[1] Since filing of the motion, Defendant Justin Osterhage has been dismissed. The City of Columbia is the only remaining Defendant in the case.

Plaintiff complied. Following issuance of the building permit and soil compaction test, Defendant conducted a footing inspection and approved the footing. Plaintiff then poured the concrete footing and constructed concrete forms for the foundation and basement walls of the home. Defendant performed an inspection and approved the pouring of the foundation and basement walls. Plaintiff then poured the concrete foundation for the home and backfilled the foundation. The footing and foundation were constructed, built, poured, and installed pursuant to the building permit and site plan approved by Defendant.

Following the construction of the concrete foundation and backfilling, Defendant informed Plaintiff that the foundation was not properly set back from the property line of the lot. Defendant informed Plaintiff it would refuse to inspect or approve further building or occupancy of the structure until the foundation complied with the setback requirements.

Plaintiff has invested money for the construction and improvement of its real estate located at 2359 Lakeshore Dr., Columbia.

**Legal Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow ... the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the

defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim," and may be considered in a district court's ruling on a motion to dismiss. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## Discussion

Plaintiff alleges Defendant has taken, in violation of the US Constitution and Illinois Constitution, its vested right in and to the building permit. Defendant asserts Plaintiff does not have a Fifth Amendment property interest in its building permit, and, even if it did, that interest has not vested. Defendant seeks dismissal of Count I arguing Plaintiff does not have a Fifth Amendment takings claim.

To state a takings claim, there must be a constitutionally protected property interest at stake. "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). The Seventh Circuit has concluded that local ordinances establish a predicate for the creation of claims of entitlement to permits in particular instances. "[W]e must look to 'existing rules or understandings that secure certain benefits and that support claims of entitlements to those benefits.'" *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1479 (7th Cir. 1990). "[W]here a municipal ordinance provides substantive criteria which, if met, dictate

the issuance of a permit, an applicant who has met those criteria might assert a legitimate claim of entitlement to the permit." *Pittsfield Dev., LLC v. City of Chicago*, No. 17 C 1951, 2017 WL 5891223, at *4 (N.D. Ill. Nov. 28, 2017) (citing *Polenz v. Parrott*, 883 F.2d 551, 556 (7th Cir. 1989); *G.T. Scott v. Greenville County*, 716 F.2d 1409 (4th Cir. 1983)).

In this case, as the City issued the permit, Plaintiff believed it had satisfied all criteria required to obtain a building permit. However, the City subsequently determined the foundation was not properly set back from the property line in accordance with its zoning ordinance. The general rule in Illinois is that any substantial change of position, expenditure, or incurrence of obligation occurring under a building permit *validly* issued is sufficient to create a right in the permittee which entitles him to complete the construction and to use the premises for the purposes originally authorized, irrespective of subsequent zoning or a change in zoning classification. *People v. City of Chicago* (1963), 29 Ill.2d 446, 194 N.E.2d 199; *Nott v. Wolff* (1960), 18 Ill.2d 362, 163 N.E.2d 809; *People ex rel. Gustafson v. Calumet City* (1968), 101 Ill.App.2d 8, 241 N.E.2d 512.

Here, however, the building permit was not validly issued. There has been no zoning enactment nor change in zoning classification following the granting of the permit. The vesting of the right presupposes a legal building permit and a substantial change of position incurred in good faith reliance thereon by the property owner. *Ganley v. City of Chicago*, 18 Ill. App. 3d 248, 253–54 (1974); *City of Chicago v. Zellers*, 64 Ill.App.2d 24 (1965). In *Ganley*, the appellate court held the plaintiff did not have a vested right in a building permit that did not conform with a zoning ordinance. Ganley followed normal administrative procedure in submitting his plans and the permits were issued by a ministerial officer, however, the Court held the illegal issuance of permits by a ministerial officer does not estop a municipality from relying on the illegality, notwithstanding

the fact that the applicant may have expended money or incurred obligations in good faith and in substantial reliance upon the permit. *Ganley*, 18 Ill. App. 3d 248, 253–54 (1974) (citing *City of Rockford v. Sallee*, 129 Ill.App.2d 75 (1970). A building permit cannot be granted in violation of the terms of a zoning ordinance; an unauthorized permit is a nullity and it confers no right on the permittee. See, eg., *Dyson v. City of Calumet City*, 306 F. Supp. 3d 1028, 1041 (N.D. Ill. 2018); *Space Station 2001, Inc. v. Moses*, 118 Ill. App. 3d 658, 663, (1983); *Ganley*, 18 Ill. App. 3d 248, 253–54 (1974). No greater right can be conferred upon a permittee by a building permit than those sanctioned by the ordinance itself. *Ganley, 18 Ill. App. 3d 248, 253–54 (1974).*

As it appears that Illinois law would not recognize the vesting of an actionable right in a permit that was not legally issued, refusal to inspect or approve further building of the structure until the zoning requirements are met is not sufficient to suggest a taking under the Fifth Amendment. Defendant has not changed the zoning classification of Plaintiff's property. The permit, when issued, was invalid because it violated terms of the zoning ordinance and Plaintiff does not have a Fifth Amendment property interest in such a permit. Defendant's Motion to Dismiss Plaintiff's Fifth Amendment claim is granted.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court is permitted to decline to exercise supplemental jurisdiction over a state-law claim if it has dismissed all claims over which it has original jurisdiction. In this circuit, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd*., 140 F.3d 716, 727 (7th Cir.1998). Having determined that dismissal is appropriate on Plaintiff's federal claim against Defendants, the Court declines to exercise supplemental jurisdiction over any Illinois state law claims. Counts II, III, VI, and V are dismissed without prejudice.

## Conclusion

For the reasons set forth above, the Motion to Dismiss is **GRANTED**. The clerk shall enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED:   February 10, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**